| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

Qian Ibrahim Zhao, §
§
    Plaintiff, §
§
versus § Civil Action H-09-1963
§
Unknown CIA Officer, et al., §
§
    Defendants. §

## Opinion on Dismissal

    Qian Ibrahim Zhao says that an officer of the Central Intelligence Agency stopped him on the streets of Washington, D.C., in 2004. Zhao says that the agent searched him and questioned him for four hours. He also says that the agent took his Chinese passport, camera, video tapes, notebook, and cellular-telephone contacts.

    He has sued the government and this agent for a variety of legal theories: unreasonable search and seizure under the Constitution, slander, due process, the Torture Victim Protection Act, and the Alien Tort Statute.

    The statute of limitations has expired on Zhao's civil-rights claims. Not specified in the federal statute, the limit in a civil-rights suit is drawn from the forum state's period for personal-injury torts. *Owens v. Okure*, 488 U.S. 235, 239 (1989). In Texas, that is two years. A civil action for malicious prosecution must be brought within two years of its accrual. An action for libel must be brought within one year. Zhao's events were in 2004. He sued in June of 2009. All of these claims are time-barred. Civ. Prac & Rem Code § 16.002(a) - § 16.003.

    The Alien Tort Statute says that "district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350 (2006). The statute applies to a few circumstances: offenses against ambassadors, violations of safe conduct, and piracy. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 720, 749 (2004). Zhao is not the type of person protected in those situations; he lacks standing. Being arrested and having his possessions confiscated does not violate the law of nations or a treaty of the United States. Also, Zhao was detained in the United States.

The laws of this country protect him here. He cannot use a vague, foreign-policy statute to manufacture a claim from a domestic incident with an American agent. He may have had a Constitutional claim, but the time to assert it has long since elapsed. This nation's commitments under the Constitution do not generate an accompanying tort to extend the statute of limitations for aliens.

Zhao – by his own admission – was not injured during his events. The Torture Victim Protection Act does not protect aliens from the inconvenience of routine detentions and questioning. Annoyance and embarrassment, while often felt after an arrest, do not amount to torture. The Act covers severe pain; mental suffering must stem from that physical injury or a threat of imminent death. *Torture Victim Protection Act of 1991*, Pub. L. No. 102-256. Zhao does not say that he was physically harmed or threatened with force. Also, if there is torture, the Act imposes liability on a torturer who acts under the color of foreign law, not domestic. Zhao was stopped, questioned, and searched by an agent of the United States on American soil. He could have timely pursued his Constitutional claims but did not.

Because the limits have expired for his civil-rights claims and because he has failed to state a claim under the Alien Tort Statute or the Torture Victim Protection Act, Qian Ibrahim Zhao's suit will be dismissed with prejudice.

Signed on January 6, 2010, at Houston, Texas.

Lynn N. Hughes
United States District Judge